## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STANLEY JULES JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-310** |
| **BURL CAIN, WARDEN** | **SECTION "R"(2)** |

## <u>REPORT AND RECOMMENDATION</u>

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. <u>See</u> 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the Louisiana Department of Corrections's Motion for Summary Judgment (Rec. Doc. No. 13) be **DISMISSED** as moot and the instant petition for habeas corpus relief **DISMISSED WITHOUT PREJUDICE** for failure to exhaust required state remedies.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.      FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Stanley Jules Johnson, is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]   On May 28, 1975, Johnson was indicted in St. John the Baptist Parish in Case No. 64963 on one count of attempted armed robbery, in Case No. 64964 on one count of armed robbery, and in Case No. 64965 with one count of armed robbery.[3]  His alleged co-perpetrator, Leonard Washington, was also indicted in three other St. John the Baptist Parish cases on the same charges.[4]   After a joint trial held in Terrebonne Parish, both Johnson and Washington, his co-defendant, were found guilty as charged on each count.[5]

The state trial court sentenced Johnson on March 17, 1976, to serve concurrent sentences of forty-eight (48) years in prison for attempted armed robbery and ninety-nine (99) years in prison on each count of armed robbery to be served without benefit of parole, probation or suspension of sentence.[6]  The court also ordered that the sentence for

---

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 5, Indictment, 640963, 5/28/75; St. Rec. Vol. 3 of 5, Indictment, 64964, 5/28/75; St. Rec. Vol. 4 of 5, 64965, 5/28/75.

[4]St. Rec. Vol. 1 of 5, Excerpt of Trial Minutes, 3/1/76.

[5]St. Rec. Vol. 1 of 5, Trial Minutes, 2/23/76; Trial Minutes, 2/24/76; Trial Minutes, 2/25/76; Excerpt of Trial Minutes, 3/1/76; Trial Transcript, 2/23-35/76; St. Rec. Vol. 2 of 4, Trial Transcript (continued), 2/23-25/76.

[6]St. Rec. Vol. 1 of 5, Sentencing Minutes, 3/17/76; St. Rec. Vol. 2 of 4, Sentencing Transcript, 3/17/76.

armed robbery in Case No. 64964 be served consecutively to a ninety-nine (99) year sentence Johnson received on March 3, 1976, in Case No. 75-706"F" in the United States District Court for the Eastern District of Louisiana for bank robbery and murder.[7]  His state convictions and sentences were affirmed on July 1, 1977, on direct appeal to the Louisiana Supreme Court.[8]

The records provided by Johnson reflect that, at the time of his arrest on the foregoing charges, he was on parole granted on July 24, 1973, in connection with another state criminal conviction.[9]  The Louisiana Board of Pardons and Parole found grounds to revoke his parole on June 12, 1975, and issued a warrant for his arrest and return to the Louisiana State Penitentiary.[10]  The record refers to but does not contain a copy of a Notice of Parole Board Revocation dated March 15, 1976.[11]

The records attached to Johnson's petition also reflect that he was taken into federal custody on April 9, 1976, to begin serving the federal sentence imposed by this

---

[7]Id.; see also, No. 06-254"R"(2) (E.D. La.).

[8]State v. Johnson, 349 So.2d 310 (La. 1977); St. Rec. Vol. 5 of 5, La. S. Ct. Order, Nos. 58708, 58709 and 58710, 7/1/77.

[9]Rec. Doc. No. 1-1, pp. 1, 2.

[10]Rec. Doc. No. 1-1, p. 2.

[11]Rec. Doc. No. 1-1, p. 3.

3

court.[12]  Johnson alleges that he remained in federal custody until August 2, 2013, when

he was transferred into the custody of the Louisiana Department of Corrections ("DOC")

to begin serving his state sentences.

II.     FEDERAL PETITION

On January 28, 2015, the clerk of court filed Johnson's petition for federal habeas

corpus relief in which he challenges his current custody.[13]  Johnson contends that he was

transferred from the federal penitentiary into the custody of the DOC based on a detainer

and warrant related to the parole violation that occurred in 1975.  Construed broadly his

petition argues that his custody as it relates to the parole violation is illegal and imposed

without due process because he was never provided with a parole revocation hearing.

He further argues that the retention warrant signed by the Governor of Minnesota to

accomplish his transfer from the federal prison there to the Louisiana DOC was wrongly

issued because he was wrongly described as a fugitive from justice in Louisiana, which

was factually incorrect.  He contends, therefore, that the warrant was void and must

revoked.

In addition, Johnson argues that the State of Louisiana implicitly pardoned him or

otherwise excused him from serving the balance of his state sentences when the State

---

[12]Rec. Doc. No. 1-1, p. 9.

[13]Rec. Doc. No. 1.

4

voluntarily transferred him into federal custody in 1976 without requiring that he first serve his state sentence.  For this reason, he argues, there is no sentence remaining for him to serve either for the parole violation or for the prior state convictions.

On March 25, 2015, the State of Louisiana, through the St. John the Baptist District Attorney's Office, filed an answer and memorandum in opposition to Johnson's petition seeking its dismissal as untimely under federal law.[14]  Shortly thereafter, on April 9, 2015, the Louisiana Attorney General on behalf of the DOC filed a Motion for Summary Judgment seeking dismissal of Johnson's petition for failure to exhaust available state court remedies.[15]

Johnson filed a response in opposition to the motion in which he argues that he is not required to exhaust state court review because the State had thirty-seven (37) years to fix its error.[16]  Construing his opposition broadly, he also argues that the law required that his federal sentence run concurrently with the later-imposed state sentences, that the warrant calling for his return was defective, and it was error to return him to state custody.

---

[14]Rec. Doc. Nos. 12, 12-1.

[15]Rec. Doc. No. 13.

[16]Rec. Doc. No. 14.

For the following reasons, I find that this court has jurisdiction to consider Johnson's petition under the provisions of 28 U.S.C. § 2241, which is not subject to the gatekeeping restrictions on untimely petitions otherwise applicable to Section 2254 petitions.  However, as discussed below, the petition must be dismissed without prejudice because Johnson has failed to exhaust required state remedies.

III.   JURISDICTION UNDER 28 U.S.C. § 2241

A.   NATURE OF THE CLAIMS

Johnson filed his initial pleading on a form for petitions seeking habeas corpus relief under 28 U.S.C. § 2254, and the State has responded to the petition as such. Johnson is not, however, challenging the constitutional validity of the actual judgment of conviction or the sentence itself imposed in 1976.  Instead, the substance of his petition clearly challenges only prison officials' authority to retain custody over him as a result of what he alleges to be an invalid warrant and requiring him to serve sentences he believes have either expired or were imposed without a parole revocation proceeding.

A petition for writ of habeas corpus which "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration," including parole issues, is properly considered under the general habeas authority of 28 U.S.C. § 2241. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (emphasis added); See Leonard v. Upton, No. 10-1869, 2010 WL 5141879, at * 1 (E.D. La. Dec. 9, 2010) (Section 2241

proceeding in which inmate alleged failure of Louisiana DOC to run his state parole revocation time concurrently to his federal prison time or, alternatively, his state parole revocation time was satisfied and he should have been discharged rather than transferred to state custody on a detainer upon completion of his federal time); <u>Robinson v. Miss. St. Bd. of Prob. and Par.</u>, No. 06-615, 2007 WL 325795, at *1 (S.D. Miss. Jan. 31, 2007) (challenge to parole detainer placed while inmate was serving federal sentence considered under Section 2241); <u>Mathis v. United States</u>, 75 F. App'x 238, 2003 WL 22080752, at *1 (5th Cir. Sep. 9, 2003) (Section 2241 petition challenging credit due inmate for time served in state custody toward federal sentence where detainer was placed on him while he was in state prison).  I therefore find that Johnson's petition should be considered as a petition seeking habeas corpus relief under the general habeas provisions of Section 2241.

B.    <u>VENUE AND JURISDICTION</u>

Under Section 2241(d), a convicted state prisoner, like Johnson, who is in custody under the judgment of a state court in a state like Louisiana with multiple federal districts, may file a federal habeas corpus petition either in the district where he is confined or where he was convicted.  <u>Wadsworth v. Johnson</u>, 235 F.3d 959, 960-61 (5th Cir. 2000).  In Section 2241(d) cases, federal courts have ordinarily held that the most appropriate venue for challenges to the <u>execution or implementation</u> of the sentence is

the district court for the district where the petitioner is in custody, and challenges to the legality of the conviction or sentence are better heard in the district court for the district where the state conviction and sentencing occurred.  Story v. Collins, 920 F.2d 1247, 1250-51 (5th Cir. 1991); see Pack, 218 F.3d at 451 (a Section 2241 petition challenging the execution of a sentence "must be filed in the same district where the prisoner is incarcerated."); Frees v. Maye, 441 F. App'x 285, 286 (5th Cir. 2011) (same).  The United States Court of Appeals for the Fifth Circuit has explained the basis for the choice of venue as one of convenience:

> Under 28 U.S.C. § 2241(d), state convicts may file federal habeas corpus petitions in the district where they are confined or where they were convicted.  The purpose of this, of course, is to provide a more convenient forum for witnesses. ... Section 2241(d) militates in favor of filing the applicant's petition in ... the division where the witnesses are located, rather than in ... the division in which the applicant is confined.

Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) (citation omitted).

In the instant case, Johnson was convicted within this district in 1976 and is currently confined in the Louisiana State Penitentiary within the Middle District of Louisiana.  His petition, however, challenges the manner in which his current custodian at the Louisiana State Penitentiary and the DOC, both of which are within the boundaries of the Middle District, are construing and applying Louisiana law to execute or calculate his sentence and parole eligibility.  Thus, it appears that the Middle District of Louisiana would be the more appropriate venue for Johnson to pursue his habeas claims.

Nevertheless, this court is one of the possible appropriate venues recognized under Section 2241(d).  Thus, it appears that this court has jurisdiction to consider Johnson's Section 2241 petition.  See Carmona v. Andrews, 357 F.3d 535 (5th Cir. 2004) (addressing venue for a Section 2254 petition challenging parole revocation by the Louisiana Board of Parole).

IV.   STATUTE OF LIMITATIONS NOT APPLICABLE

In its response in opposition to Johnson's petition, the State argues that, considered as a Section 2254 petition, the petition should be dismissed as untimely filed under 28 U.S.C. § 2244(d).  I cannot accept the State's interpretation of the nature of this petition as a Section 2254 pleading or application of the limitations defense applicable to Section 2254 cases.

For the reasons set out above, Johnson's petition is appropriately considered under Section 2241.  The one-year statute of limitations period has not been extended to Section 2241 petitions.  United States v. Pipkins, No. 07CR0163, 2012 WL 1019118, at * 1 (E.D. La. Mar. 26, 2012) (Duval, J.) ("However, unlike § 2554 habeas petitions, which are governed by the [AEDPA], § 2241 petitions have no statute of limitations."); Hartfield v. Quarterman, 603 F. Supp.2d 943, 948 (S.D. Tx. 2009); Williams v. Louisiana's A.G.'s Office, No. 07-603, 2007 WL 2915078, at *3 (E.D. La. Oct. 4, 2007) (Order adopting report and recommendation).  Section 2241 has not been amended to

include a limitations period for filing a petition under that section.   Homayun v. Cravener, 39 F. Supp.2d 837 (S.D. Tx. 1999) (citing Sandoval v. Reno, 166 F.3d 225, 234 (3d Cir. 1999) and Goncalves v. Reno, 144 F.3d 110, 120 (1st Cir. 1998), cert. denied, 526 U.S. 1004 (1999)).

> The Fifth Circuit cases addressing limitations involve habeas petitions filed under either 28 U.S.C. § 2254 or § 2255, not petitions for relief under § 2241. It appears, therefore, that petitioners relying on § 2241 are not subject to the one-year limitations period set forth in other provisions of the AEDPA.

Homayun, 39 F. Supp.2d at 841.

In the absence of controlling Fifth Circuit authority clearly indicating that the one-year statute of limitations applies to Section 2241 petitions, I cannot recommend its application here.  For the foregoing reasons, the State's limitations defense is rejected.

V.      EXHAUSTION OF  STATE REQUIRED REMEDIES

Johnson concedes in his pleadings that he has not presented any of his claims and arguments to any state court. The DOC urges the exhaustion defense in its motion for summary judgment, which is addressed in terms of Section 2254.  While the failure to exhaust theory applies equally to Section 2241 and Section 2254 petitions, the DOC's

motion should be dismissed as moot, because it does not consider or address exhaustion in terms of a petition brought under Section 2241.[17]

Therefore, to the extent necessary, I find sua sponte that Johnson's Section 2241 petition should be dismissed without prejudice for failure to exhaust state court remedies. Accordingly, **petitioner is hereby specifically instructed that this report and recommendation is notice to him that this court is addressing the issue of failure to exhaust state court remedies and that petitioner must submit any evidence or argument concerning exhaustion as part of any objections he may file to this report**. See Kurtzemann v. Quarterman, 306 F. App'x 205, 206 (5th Cir. 2009) (district court may sua sponte raise failure to exhaust, and notice of and an opportunity to respond to the exhaustion issue must be given) (citing Day v. McDonough, 547 U.S. 198, 209-10 (2006) (addressing limitations) and Magouirk v. Phillips, 144 F.3d 348, 358 (5th Cir. 1998) (addressing exhaustion)).

Although there is no reference to an exhaustion requirement in the statutory language of 28 U.S.C. § 2241(c), a federal court should abstain from the exercise of its habeas jurisdiction if the claims asserted in a petition may be resolved on the merits in the state courts or by some other state procedure available to the petitioner. Dickerson

---

[17]I also note that the exhaustion of state remedies is a prerequisite to federal habeas relief under Section 2254. See 28 U.S.C. § 2254(b)(1); Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); see also, Rhines, 544 U.S. at 278.

v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987); Edge v. Stalder, 83 F. App'x 648, 2003 WL 22976091, at *1 (5th Cir. 2003); Greer v. St. Tammany Parish Jail, 693 F. Supp. 502, 508 (E.D. La. 1988); see also Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973).  The exhaustion doctrine is applied to Section 2241(c) as a matter of comity and is based on federalism grounds to protect the state courts' important independent jurisdictional opportunity to address and initially resolve any constitutional issues arising within their jurisdiction and to limit federal interference in the state adjudicatory process. Dickerson, 816 F.2d at 225.

Generally, the exhaustion requirement is satisfied only when all grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner.  Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).  In Section 2241 cases, this exhaustion requirement is obviated only if "special circumstances" exist. Dickerson, 816 F.2d at 225 (citing Braden, 410 U.S. at 489); Tooten v. Shevin, 493 F.2d 173, 177 (5th Cir. 1975).

To exhaust his claims in the state courts, Johnson must fairly present the same claims and legal theories he urges in this federal court to the state courts through the Louisiana Supreme Court in a procedurally proper manner and provide the state courts with an opportunity to address those claims.  Louisiana law requires that an appropriate post-conviction claim must be brought in an application for post-conviction relief filed

12

in the convicting state district court.  La. Code Crim. P. arts. 925 and 930.3.  The petitioner may then seek supervisory review in the appellate court, La. Code Crim. P. art. 930.6, and discretionary review in the Louisiana Supreme Court, La. S. Ct. Rule X§5.

Johnson has neither pursued nor exhausted available state court remedies on the claims he now asserts in this federal court.[18]  He has provided no good reason for his failure properly to exhaust, and his petition should be dismissed without prejudice for his failure to do so.  See also, Rhines v. Weber, 544 U.S. 269, 278 (2005) (dismissal is appropriate where no good cause is shown for the failure to exhaust state court remedies).

In addition, the record does not reflect, and Johnson has not alleged, that he has exhausted administrative review of this claim under Louisiana's Corrections Administrative Remedy Procedure ("CARP"), La. Rev. Stat. § 15:1171 et seq., and the subsequent supervisory review of that procedure by the state courts pursuant to La. Rev. Stat. § 15:571.15.[19]  Under Louisiana's CARP procedures, an inmate must fully utilize the administrative procedure established by the DOC, or any facility in which he is housed, to resolve any claims related to his confinement, including "time computations,

---

[18]On May 5, 2015, a member of my staff contacted the offices of the clerks of court for the Thirty-Second Judicial District in Terrebonne Parish, the Fortieth Judicial District in St. John the Baptist Parish, the Louisiana First Circuit Court of Appeal and the Louisiana Supreme Court and was advised by each office that Johnson has not filed for post-conviction review related to his criminal proceedings since his return to state custody in 2013 and/or since his direct appeal.

[19]Madison v. Ward, 825 So.2d 1245 (La. App. 1st Cir. 2002).

even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies, or statutes."  La. Rev. Stat. § 15:1171(B).  Upon completion of the administrative process, an inmate may seek judicial review by filing suit in the appropriate state district court.  La. Rev. Stat. § 15:1177.  The provisions of La. Rev. Stat. § 15:571.15 require that any such suit against the DOC challenging the computation of an inmate's "sentence or sentences, discharge, . . . or any action concerning parole" (emphasis added) must first be brought in the 19th Judicial District Court in East Baton Rouge Parish.

My research confirms that Johnson has not filed an action with the 19th Judicial District or that he has proceeded from that court to the Louisiana First Circuit or the Louisiana Supreme Court.[20]  Thus, Johnson has not pursued or completed state court review of the administrative procedure as required by Louisiana law.  For all of the foregoing reasons, Johnson's Section 2241 petition should be dismissed without prejudice for failure to exhaust state court and administrative remedies.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the DOC's Motion for Summary Judgment (Rec. Doc. No. 13) be **DISMISSED** as moot.

---

[20]On May 5, 2015, a member of my staff contacted the offices of the clerk of court for the Nineteenth Judicial District in East Baton Rouge Parish and the Louisiana First Circuit Court of Appeal, and was advised that these offices have no identifiable cases filed by Johnson. As noted above, the Louisiana Supreme Court no cases filed by Johnson since his direct appeal.

It is further **RECOMMENDED** that Johnson's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust required state remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[21]

New Orleans, Louisiana, this ___4th___ day of June, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[21]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

15